# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KATRINA FETTEROLF, KAREN LYNN JAMES, AND ALL OTHERS SIMILARLY SITUATED,**<br><br>  *Plaintiff*,<br><br>v.<br><br>**NAVIHEALTH, INC., & CARDINAL HEALTH, INC.,**<br><br>  *Defendants*. | **Civil Action No.:** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Katrina Fetterolf ("KF") and Karen Lynn James ("KLJ") (collectively, "Plaintiffs") bring this action individually and on behalf of the similarly situated FLSA Class Members against Defendants Navihealth, Inc. ("Navihealth") and Cardinal Health, Inc. ("Cardinal") and in support shows the Court the following:

### I.     SUMMARY

1.     This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq, ("FLSA").

2.     Defendants employ individuals to work under various job titles within their "clinical" job family.[1] The duties of the individuals who work within Defendants' "clinical" job family include "utilization review" and "care management" job functions,[2] which attempt to reduce overall cost through prevention, early intervention, and care coordination between various health services providers. For purposes of this lawsuit, Plaintiff will refer to this group of non-supervisory employees

---

[1] See e.g. https://careers-navihealth.icims.com/jobs/intro?hashed=-435588859 (dividing open jobs into categories, including a clinical category of jobs) (last visited Jan. 2, 2019).
[2] See e.g. http://bit.ly/ICoordinator (providing that "Inpatient Coordinator" performs utilization management and care coordination job functions).

as "Care Coordinators," which is a general term used by Defendants to describe this large group of clinical workers.

3. The main job duties of Care Coordinators consist of communicating with and gathering data from members to document members' medical circumstances in Defendants' computer system ("Data Collection"), inputting member data into Defendants' computer system ("Data Entry"), using established guidelines to maximize utilization of plan resources through application of predetermined criteria ("Care Utilization"), providing information to members and providers regarding plan benefits and resources to address members healthcare needs ("Plan Education"), and working with members and providers to set up medical care ("Care Coordination"), and other similar work (collectively, "Care Coordination Work").

4. Defendants misclassified Care Coordinators as exempt from federal and state mandated overtime pay, paid them a salary, and failed to pay them overtime despite regularly working over 40 hours per workweek ("OT Misclassification Policy").

## II.    PARTIES

5. Plaintiff KF worked for Defendants as a "Care Coordinator" for over 40 hours during one or more workweeks during the last three years. Defendant referred to Plaintiff KF's job title in multiple ways during her employment, including referring to her job title as "Care Coordinator," "Case Manager," "Care Manager," "Utilization Management Care Coordinator" and "UM Care Coordinator" during her employment with Defendant over the last three years.

6. Plaintiff KLJ worked for Defendants as a "Care Coordinator" for over 40 hours during one or more workweeks over the last three years. Defendant referred to Plaintiff KLJ's job title in multiple ways during her employment, including referring to her title as "Care Coordinator," "Intensive Care Coordinator," "Skilled Inpatient Care Coordinator," "ICC Coordinator," and "SICC

Care Coordinator" and "SNF In-Patient Care Coordinator" during her employment with Defendant over the last three years.

7. The similarly situated "FLSA Class Members" consist of Defendants' current and former non-supervisory "Care Coordinators" paid on a salary basis that worked more than 40 hours during at least one workweek over past three years whose job duties included Care Coordination Work. The definition includes, without limitation, such job titles as "Transitional Care Coordinator," "LTAC Care Coordinator," "Medicare Care Coordinator," "Pre-Service Coordinator," "RN Care Coordinator," "UM Care Coordinator," "Skilled Inpatient Care Coordinator," "Intake Care Coordinator," "Telephonic Care Coordinator," "High Risk Care Coordinator," and other job titles within Defendant's "Clinical" job family that perform similar non-supervisory duties that contain the term "Coordinator" in the job title that Defendants subjected to the OT Misclassification Policy.[3]

8. Defendant Navihealth is a Delaware corporation that has appointed Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808, as its agent for service of process.

9. Defendant Cardinal is an Ohio corporation that has appointed CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus Ohio as its agent for service of process.

### III.   JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiff's FLSA claim because that claim arises under federal law pursuant to 29 U.S.C. § 216(b) and pursuant to 28 U.S.C. § 1331.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District and because one or more of the Parties resides in this District.

---

[3] Defendants use various job titles to refer to the same positions with the same or overlapping care coordination job duties. See e.g. http://bit.ly/2QkWoac (job posting position that is described as both transitional care coordinator and skilled inpatient care coordinator) (last visited Jan. 2, 2019) http://bit.ly/CCCard1 (job posting for "centralized care coordinator … who support the market in the role of a "Transitional Care Coordinator (TCC) or SNF/IRF Care Coordinators…") (last visited Jan. 2, 2019).

**ORIGINAL COLLECTIVE ACTION COMPLAINT**                                                                                              Page - 3

## IV.   COVERAGE

12. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the respective Class Members.

13. At all times hereinafter mentioned, Defendants have been an employers or joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Class Members specifically handled materials, including computer and other equipment, to conduct medical assessments.

16. At all times hereinafter mentioned, Plaintiffs and the FLSA Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

## V.   FACTUAL ALLEGATIONS

17. Plaintiffs incorporate all allegations previously made in this Complaint by reference.

18. Defendants have had business operations throughout the United States, including in New Jersey and this Judicial District, throughout the last three years. Their annual gross volume of sales made and business done exceeded $500,000.00 per year at all relevant times.

19. Plaintiff KF worked as a Care Coordinator for Defendants from approximately August 2015 to February 2018.

20. Plaintiff KLJ worked as a Care Coordinator for Defendants from approximately January 2017 to September 2018.

21. As Care Coordinators, Plaintiffs' primary job duties included "Care Coordination Work," including Data Collection, Data Entry, Care Utilization, and Plan Education.

22. As Care Coordinators, Plaintiffs' primary job duties did not involve providing nursing care in a clinical setting or direct medical care to members.

23. As Care Coordinators, Plaintiffs' job duties did not include the exercise of discretion or independent judgment with respect to matters of significance, but instead involved applying and communicating Defendants' guidelines policies and procedures for the approval and coordination of healthcare benefits.

24. As Care Coordinators, Plaintiffs routinely worked 50 or more hours per week during their employment.

25. Defendants did not pay Plaintiffs overtime pay for all hours worked over 40 hours per workweek.

26. Instead of providing Plaintiffs with overtime pay, Defendants paid Plaintiffs pursuant to the Overtime Misclassification Policy that misclassified them as exempt and paid them a salary with no overtime pay for their many hours of overtime work.

27. Defendants knew that Plaintiffs worked in excess of 40 hours per week.

28. Plaintiffs are entitled to receive overtime pay for all the hours they worked in excess of 40 per workweek.

29. Defendants willfully misclassified Plaintiffs as exempt and refused to pay her overtime pay, despite (1) having awareness of the FLSA's minimum wage and overtime requirements; (2)

routinely receiving complaints from Plaintiffs and/or the FLSA Class Members regarding their pay and not being paid for overtime hours; and (3) paying workers who performed substantially similar, nonexempt duties on an hourly/overtime eligible basis, but choosing not to pay Plaintiffs and the FLSA Class Members overtime.

### VI. COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs incorporate all allegations previously made in this Complaint by reference.

31. Plaintiffs and the FLSA Class Members performed the same or similar non-exempt job duties: Non-exempt Care Coordination Work that (1) did not involve providing nursing care in a clinical setting or direct care to Defendants' customers; and (2) instead involved applying and communicating Defendants' guidelines policies and procedures for the approval and coordination of healthcare benefits. Defendants subjected all salaried Care Coordinators to the same Overtime Misclassification Policy that failed to pay Care Coordinators (1) overtime for all hours worked in excess of 40 hours per week; and (2) one-and-one-half times their regular rate of pay for all overtime hours worked. Accordingly, the FLSA Class Members are similarly situated to Plaintiffs with respect to job duties and pay provisions.

32. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the FLSA Class Members. As employees paid on a non-exempt basis, Plaintiffs and all FLSA Class Members are entitled to overtime at a rate of one-and-one-half their regular rate for all hours worked in excess of 40 per week regardless of their precise job requirements or rate of pay. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact commonly apply to Plaintiffs and all Class Members that worked for Defendants during the statutory time period.

## VII. COUNT ONE: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

33. Plaintiffs incorporate all allegations previously made in this Complaint.

34. During the relevant period, Defendants violated and continue to violate Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing Plaintiffs and other FLSA Class Members in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

35. Defendants acted willfully in failing to pay Plaintiffs and the FLSA Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

**WHEREFORE**, Plaintiffs, individually and on behalf of the similarly situated FLSA Class Members, pray for judgment against Defendants, jointly and severally, as follows:

- a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

- b. For an award of attorneys' fees, expenses, expert fees and costs incurred by plaintiffs in vindicating their rights under applicable federal law;

- c. For service payments to the Plaintiffs for services provided on behalf of the FLSA Class Members;

- d. For an Order awarding Plaintiffs (and those who may be included in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

- e. For such other and further legal or equitable relief as this Court deems to be just and appropriate.

Respectfully submitted,

Date: January 08, 2019
      Princeton, New Jersey

*/s/ Ravi Sattiraju*
Ravi Sattiraju (N.J. Bar No. 035251998)
**THE SATTIRAJU LAW FIRM, P.C.**
116 Village Blvd #200
Princeton, NJ 08540
Telephone: (609) 216-7042
Facsimile: (609) 799-1267
Email: rsattiraju@sattirajulawfirm.com

**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**TRAVIS GASPER**
Texas Bar No. 24096881
gasper@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
jack@siegellawgroup.biz
**SIEGEL LAW GROUP, PLLC**
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: 214.790.4454
www.4overtimelawyer.com

**TRAVIS M. HEDGPETH**
Texas Bar No. 24074386
**THE HEDGPETH LAW FIRM, PC**
5438 Rutherglenn Drive
Houston, Texas 77096
P: (512) 417-5716
travis@hedgpethlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

I, Ravi Sattiraju, Esq., local counsel for Plaintiffs, individually and on behalf of the similarly situated FLSA Class Members, certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration or administrative proceeding.

By: **_/s/ Ravi Sattiraju_**
**THE SATTIRAJU LAW FIRM, P.C.**
Ravi Sattiraju, Esq.

Date: January 08, 2019
Princeton, New Jersey